IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **Criminal Indictment** |
| v. | ) | |
| | ) | No. 4:22-CR-00116-LGW-BWC |
| KERRY MILLEDGE, | ) | |
|     Defendant. | ) | |

### DEFENDANT'S FIRST PARTICULARIZED MOTION TO SUPPRESS PHYSICAL EVIDENCE AND OTHER RELIEF

COMES NOW the Defendant Kerry Milledge (hereafter "Milledge"), through counsel, and pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; files this his first particularized Motion to Suppress, and moves this Court for an evidentiary hearing, and an order suppressing all evidence of any kind – alleged contraband, statements, identification, and testimony, and reserves the right to supplement this motion.

    As grounds therefore, Milledge alleges that his warrantless arrest, search of his car, and the seizure of items from it were improper, illegal, and without probable cause, in violation of Movant's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution in the following particulars:

### I. Facts

1. On or about March 1, 2022, law enforcement was running an interdiction operation outside the Pines Apartments in Garden City when they saw two people leave the location in a Ford Explorer that they observed was a rental vehicle.

2. Law enforcement observed nothing suspicious about this vehicle, yet they decided to follow it anyway.

1

3. No traffic infractions or any other illegal behavior of Milledge's was observed by law enforcement prior to his seizure.

4. Law enforcement seized and handcuffed Milledge.

5. Deputy Valdes and other law enforcement approached Movant's vehicle and began to search it, yielding alleged contraband and firearms.

6. Movant anticipates that items seized will be introduced by the United States in any trial of this matter.

## II. Argument

7. Under the Fourth Amendment "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated…" A traffic stop constitutes a "seizure" under the Fourth Amendment and is thus subject to a reasonableness requirement. <u>U.S. v. Williams</u>, 808 F.3d 238, 245 (4th Cir. 2015) (citing <u>Whren v. U.S.</u>, 517 U.S. 806, 810 (1996)). A traffic-stop is examined under the two-prong standard provided in <u>Terry v. Ohio</u>. <u>Id</u>. See <u>Arizona v. Johnson,</u> 555 U.S. 323, 330–31 (2009). First, the Court must determine whether the officer's reason for the traffic stop was legitimate and second, determine whether the officer's actions during the seizure were "reasonably related in scope" to the basis for the traffic stop. <u>Williams</u>, *supra*, See also <u>United States v. Rusher</u>, 966 F.2d 868, 875 (4th Cir.1992). Because addressing the infraction is the purpose of a stop, it may "last no longer than necessary to effectuate th[at] purpose. <u>Id.,</u> citing <u>Illinois v. Caballes</u>, 543 U.S. 405 (2005). Thus, "authority for [a] seizure ends when the tasks tied to the traffic infraction are- or reasonably should have been- completed." <u>Rodriquez v. U.S.</u>, 135 S.Ct. 1609, 1610 (2015).

8. It was Valdes's duty to investigate Movant's window tint. "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). However, any investigation beyond that exceeded the scope of the traffic stop. "[A]uthority for [a] seizure ends when the tasks tied to the traffic infraction are- or reasonably should have been- completed." *Rodriquez v. U.S.*, 135 S.Ct. 1609, 1610 (2015). To extend the detention of a motorist beyond the time necessary to accomplish a traffic stop's purpose, the authorities must either possess "reasonable suspicion or receive the driver's consent." *U.S. v. Williams*, 808 F.3d 238, 246 (4th Cir. 2015). See also *United States v. Digiovanni*, 650 F.3d 498, 507 (4th Cir. 2011)).

9. In determining what is a reasonable duration for a traffic stop, "it [is] appropriate to examine whether the police diligently pursued [the] investigation." *U.S. v. Sharpe*, 470 U.S. 675, 686 (1985). However, on-scene investigations into other crimes detours from the mission of the traffic stop. *Id.* In lieu of reasonable suspicion, which we argue was not present, officers must obtain the driver's permission to extend a traffic stop beyond its purpose. Valdes didn't have a reasonable suspicion of criminal activity, and Milledge did not give him permission to extend the stop.

10. Warrantless searches, unapproved by any magistrate or judge, "are *per se* unreasonable under the Fourth Amendment – subject to only a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347 (1967). Law enforcement may only conduct a warrantless search of a vehicle consistent with the Fourth Amendment where "the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search" or where

3

"it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Arizona v. Gant*, 556 U.S. 332, 344 (2009). In this case, the search was conducted after the occupant was arrested, secured, and beyond the reach of the interior of the vehicle. After that point, there was no reasonable basis for law enforcement to continue to search the vehicle. Based on these facts, the search of the vehicle was unreasonable and unlawful.

11. Even if probable cause developed to arrest Movant later in the stop, any evidence obtained as a result is tainted by the illegality of the initial seizure and must be excluded. *Wong Sun v. United States*, 371 U.S. 471, 487-488. (1963); *United States v. Gaines*, 918 F.3rd 793, 802 (10th Cir. 2019).

WHEREFORE, Defendant respectfully requests that this Court grant an evidentiary hearing and suppress the improperly obtained evidence against him in this case.

This 19 day of October 2022.

                                      Respectfully submitted,

/S/ Bruce Harvey_____
LAW OFFICES OF BRUCE S. HARVEY
ATTORNEYS FOR DEFENDANT
Bruce S. Harvey, #335175
bruce@bharveylawfirm.com
Jamie Roberts, #608590
jamie@bharveylawfirm.com

146 Nassau St.NW
Atlanta, GA 30303
(404) 659-4628 office
(404) 681-3953 fax

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | **Criminal Indictment** |
| v.    ) | |
| ) | No. 4:22-CR-00116-LGW-BWC |
| KERRY MILLEDGE,   ) | |
|     **Defendant.**   ) | |

**CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing *Defendant's First Particularized Motion To Suppress Physical Evidence and Other Relief* on opposing counsel by facsimile transmission, electronic delivery, by hand delivery, or by depositing a copy of the same in the United States Mail with sufficient postage thereon, addressed as follows:

    Marcela C. Mateo, DOJ-USAO
    22 Barnard St., Suite 300
    Savannah, GA 31401

This 19 day of October 2022.

    Respectfully submitted,

    /S/ Bruce Harvey_____
    LAW OFFICES OF BRUCE S. HARVEY
    ATTORNEYS FOR DEFENDANT
    Bruce S. Harvey, #335175
    bruce@bharveylawfirm.com
    Jamie Roberts, #608590
    jamie@bharveylawfirm.com

146 Nassau St.NW
Atlanta, GA 30303
(404) 659-4628 office
(404) 681-3953 fax

5